# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

VERNON ROBINSON,

    Petitioner,

v.    Case No. 3:14-cv-657-J-32MCR

SECRETARY, DEPARTMENT OF CORRECTIONS, TENA M. PATE, Parole Commission Chairman, MELINDA N. COONRD, Commission Secretary, and BERNARD R. CHEN, SR., Commission Vice Chairman,

    Respondents.

## **O R D E R**

### I. Status

Petitioner Vernon Robinson, an inmate of the Florida penal system, initiated this action by filing a pro se § 2241 Habeas Corpus Petition (Doc. 1, Petition) on June 4, 2014, which he supplemented on August 28, 2014 (Doc. 15, Supp. Pet.).[1] Robinson also filed an appendix (Doc. 3, Pet. App.) and a supplemental appendix (Doc. 2, Supp. App.).[2] Robinson is in state custody, incarcerated at Union Correctional Institution

---

[1] Giving Robinson the benefit of the mailbox rule, the Court finds that the Petition was filed on the date Robinson handed it to prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Robinson the benefit of the mailbox rule with respect to his pro se filings in state court when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] Robinson filed additional supplements. See Docs. 15, 27, 33, 45, 46.

(Union County), pursuant to a 1982 (Duval County) judgment of conviction for armed robbery with a deadly weapon, for which he was sentenced to sixty years' imprisonment. In grounds one through nine, Robinson challenges the computation of his sentence by the Department of Corrections (DOC) with respect to gain time and other credit for time served.[3] Petition at 3-4. In grounds ten through twelve, Robinson challenges the calculation of his presumptive parole release date (PPRD) by the Florida Commission on Offender Review (FCOR).[4] Petition at 14-16; Supp. Pet. at 1-2. "Presumptive parole release date" means the tentative parole release date as determined by objective parole guidelines. See Fla. Stat. § 947.005(8).

Respondent DOC responded (Doc. 16, DOC Response) to grounds one through nine, asserting that Robinson's claims are untimely, meritless, and not cognizable in federal habeas corpus. DOC Response at 11 & n.4, 12. Robinson replied (Doc. 17, Reply to DOC).

Respondent FCOR responded (Doc. 29, FCOR Response) to grounds ten through twelve, asserting that Robinson's claims are untimely and unexhausted. Alternatively, Respondent contends that Robinson's claims are meritless. Robinson replied (Doc. 30, Reply to FCOR).

This case is ripe for review.

---

[3] There is no ground three. See Petition at 5-6.

[4] Until July 1, 2014, the name of the Florida Commission on Offender Review was the Florida Parole Commission. See Response at 1, n.1.

2

## II. Pertinent Procedural History[5]

In 1982, the state court entered a judgment of conviction and sentenced Robinson to a term of sixty years imprisonment. FCOR Resp. Ex. D. In 1984, the FCOR established Robinson's initial PPRD of August 16, 2009. FCOR Resp. Ex. E. Following several reviews that resulted in adjustments to his PPRD (see id.), Robinson was eventually released on parole supervision on November 12, 1996. FCOR Resp. Ex. F. After Robinson violated the terms and conditions of his parole supervision several times, the FCOR revoked his parole on October 15, 2003. FCOR Resp. Ex. F. Robinson unsuccessfully challenged the revocation of his parole in state court. See FCOR Response at 4, n.2 & Ex. G.

Following revocation of parole, on June 23, 2004, the FCOR established Robinson's new PPRD of December 28, 2019. FCOR Resp. Ex. H. On July 10, 2004, Robinson administratively appealed the FCOR's decision establishing his PPRD. Id. After reviewing Robinson's appeal, the FCOR found on August 11, 2014, that the issues Robinson raised in his administrative review request did not merit modification of his PPRD. Id. Robinson challenged the FCOR's decision by filing a petition for a writ of mandamus in state circuit court, which the court denied on August 26, 2005. FCOR Resp. Ex. I.

Subsequently, the FCOR has re-interviewed Robinson at least five times.[6]

---

[5] Recognizing that Respondents set forth the procedural history in their Responses, the Court will recite a limited procedural history here. See DOC Response; FCOR Response.

[6] The record reflects interviews every two years in 2005, 2007, 2009, 2011, and 2013. FCOR Resp. Ex. J. Presumably, Robinson was interviewed in 2015, and

3

Other than one six-month reduction, his PPRD has remained unchanged. FCOR Resp. Ex. J. As such, his current PPRD is June 28, 2019.[7] Id.

### III. One-year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs petitions filed after its effective date of April 24, 1996. See Penry v. Johnson, 532 U.S. 782, 792 (2001). The AEDPA amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

either has been or will be interviewed in 2017.

[7] The Court takes judicial notice of the Florida Department of Corrections Offender Network website, which reflects a current release date for Robinson of June 28, 2019. See http://www.dc.state.fl.us/offenderSearch (June 9, 2017).

4

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013).

Under § 2244(d)(1)(D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 & n.1 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(D)); see also Hawes v. Howerton, 335 F. App'x 882, 884 (11th Cir. 2009); Ray v. Mitchem, 272 F. App'x 807, 809-10 (11th Cir. 2008). Once triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling. Brown, 512 F.3d at 1307; see also 28 U.S.C. § 2244(d)(2) (statutory tolling); Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015) ("When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner

5

establishes that he is entitled to equitable tolling."), cert. denied, 137 S. Ct. 830 (2017).

Pursuant to the statutory tolling provision, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

For equitable tolling, the United States Supreme Court has established a two-prong test, stating that a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). In general, "equitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Id. (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2000)).

## IV. Findings of Fact and Conclusions of Law

Although styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, Robinson's Petition is governed by both 28 U.S.C. § 2241 and § 2254. See Thomas v. Crosby, 371 F.3d 782, 788 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003). Also, because Robinson filed his petition after April 24, 1996, § 2244 governs the statutory timeliness of his Petition. See Penry, 532 U.S. at 792. Throughout the Petition, Robinson generally asserts violations of federal constitutional due process, equal protection, double jeopardy, cruel and unusual punishment and involuntary servitude.

### A. Grounds One and Five

Robinson challenges the DOC's calculation of his sentence and application of credit for gain time prior to his release on parole on November 12, 1996. Petition at 3-4, 9. He contends that his sentence had already expired prior to both his November 12, 1996, release on parole (see id. at 3 (Ground One)) and the February 18, 2003, warrant for revocation of parole (see id. at 9 (Ground Five)).

Robinson either discovered, or through the exercise of due diligence could have discovered, the factual predicate of his claims in grounds one and five no later than November 12, 1996, the date he was released on parole.[8] See Brown, 512 F.3d at

---

[8] The Tenth Circuit has concluded that where "a petitioner timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006) (emphasis added). However, Robinson did not file his first administrative grievance challenging pre-1996 gain time until 2012. See Pet. App. A, D, E. As such, Robinson did not "timely and diligently" exhaust his administrative remedies, and he may not rely on

7

1308. Thus, the one-year limitations period under § 2244(d)(1)(D) was triggered no later than November 12, 1996, and the limitations period began to run the following day, on November 13, 1996. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period). The limitations period expired one year later on November 13, 1997. However, Robinson's Petition was not filed until June 4, 2014, more than sixteen years after the one-year limitations period expired. Unless the one-year limitations period was tolled, Robinson's claims in grounds one and five are due to be dismissed with prejudice as untimely.

**B. Ground Two**

Robinson challenges the DOC's failure to award him incentive gain time since he returned to custody in 2003 following his parole violation. Petition at 5, 11-12. Specifically, he asserts that the DOC failed to rate him since 2003 on his gain-time sheet, which prevented him from receiving incentive gain-time as compared to similarly situated inmates. Id. at 5. On August 16, 2012, Robinson initiated the administrative grievance process, which culminated in the denial of his administrative appeal on December 3, 2012. Pet. App. B; Reply to DOC App. L. On December 26, 2012, Robinson submitted a petition for writ of habeas corpus to the state circuit court in Lafayette County, Florida.⁹ See Pet. App. E; Reply to DOC App. L. On April 9,

---

Dulworth to extend the time when his one-year limitation period commences under §2244(d)(1)(D).

⁹ Robinson raised three grounds in his petition. Two of the three are irrelevant to the claim raised in ground two of the Petition and were denied by the circuit court on January 15, 2013. See Pet. App. E. The circuit court ordered the DOC to respond

8

2013, the circuit court denied Robinson's petition for writ of habeas corpus. See Response at 7. There is no record of Robinson seeking review of the April 9, 2013, denial of habeas corpus.

Giving Robinson every benefit of the doubt and even assuming that Robinson's administrative appeal and state court litigation sufficed to delay the commencement of the one-year period under § 2244(d)(1)(D) and toll the one-year period, Robinson's claim is untimely. Assuming first that he asserted a continuing violation that rendered his August 16, 2012, administrative grievance timely, and applying the rationale in Dulworth, the latest date that the one-year period commenced under § 2244(d)(1)(D) was December 4, 2012, the day after the denial of his administrative appeal. The period ran for twenty-two days until December 26, 2012, when the Court assumes, for the benefit of Robinson, that his petition for writ of habeas corpus in the circuit court tolled the period with 343 days remaining.[10] The circuit court denied his petition for writ of habeas corpus on April 9, 2013, but Robinson did not appeal. He filed his Petition in federal court 420 days later on June 4, 2014. Even assuming every benefit to Robinson (including allowing thirty days for him to seek review of the state court denial), his claim in ground two is untimely and due to be dismissed.

---

to Robinson's outstanding claim. Prior to the circuit court's ruling on the outstanding claim, Robinson sought review by filing a petition for writ of certiorari in the First District Court of Appeal, which was denied per curiam on March 8, 2013. See Robinson v. Crews, No. 1D13-650, 109 So. 3d 788 (Fla. 1st DCA 2013) (table).

[10] The circuit court's order states that Robinson filed the petition on December 31, 2012; however, Respondent DOC asserts that Robinson submitted the petition on December 26, 2012. Giving Robinson the benefit of the doubt and assuming application of the mailbox rule, the Court will utilize the December 26, 2012, date in calculating the time tolled during the one-year period.

### C. **Grounds Four, Six, Seven and Eight**

In grounds four, six, and eight, which are repetitive, Robinson asserts that in 2003, the DOC failed to apply all of his gain time when establishing his tentative release date. Petition at 6-7, 10, 11-12; Reply to DOC at 7-11. In ground seven, he contends that in 2003, the DOC forfeited 3,532 days of incentive-gain time that he earned prior to being release on parole in 1996. Id. at 11-12.

Robinson either discovered, or through the exercise of due diligence could have discovered, the factual predicate of his claims in grounds two, six, seven, and eight no later than 2003, the year he asserts that DOC established his tentative release date and forfeited his gain time.[11] See Brown, 512 F.3d at 1308. Thus, the one-year limitations period under § 2244(d)(1)(D) was triggered in 2003, and expired one year later in 2004. However, Robinson's Petition was not filed until June 4, 2014, approximately ten years after the one-year limitations period expired. Unless the one-year limitations period was tolled, Robinson's claims in grounds four, six, seven, and eight are untimely.

### D. **Ground Nine**

As ground nine, Robinson asserts that the DOC failed to restore almost five years of credit when re-auditing his sentence in February 2009. See Petition at 13-14; Reply to DOC at 11-13; Reply to DOC App. Ex. H-30 ("Your sentence was re-

---

[11] Robinson did not file his first administrative grievance challenging the 2003 establishment of his tentative release date until 2012. See Pet. App. C; Pet. Supp. App. A, B, C. As such, Robinson did not "timely and diligently" exhaust his administrative remedies, and he may not rely on Dulworth to extend the time before his one-year limitation period commences under §2244(d)(1)(D).

audited in Feb. 09. . . . . This was the last change in your release d[ate] by sentence structure.").[12] In his Reply, Robinson cites and attaches Burks v. McNeil, 984 So.2d 619 (Fla. 1st DCA 2008), suggesting that Burks prompted the re-audit and resulting reduction of his sentence in 2009. Robinson's complaint is that his sentence should have been reduced by nearly twenty years, but that it was reduced only by fifteen years.

Again, Robinson either discovered, or through the exercise of due diligence could have discovered, the factual predicate of his claims in ground nine no later than February 2009, the date that DOC re-audited his sentence and gave him credit for fifteen, but not nearly twenty, years.[13] See Brown, 512 F.3d at 1308. Thus, the one-year limitations period under § 2244(d)(1)(D) was triggered in 2009, and expired one year later in 2010. However, Robinson's Petition was not filed until June 4, 2014, approximately four years after the one-year limitations period expired. Unless the one-year limitations period was tolled, Robinson's claims in ground nine is untimely.

---

[12] Robinson also Robinson refers to a response from the DOC dated December 14, 2012, in administrative appeal #12-6-38068 that informs him that his request for administrative remedy and/or appeal was returned without action because his sentence structure and release date calculation were the subject of pending litigation in Leon County. See Pet. App. C-23. He also refers to the October 29, 2012, denial of his administrative grievance. See Pet. App. D-29.

[13] Robinson did not file his first administrative grievance challenging the 2003 establishment of his tentative release date until 2012. See Pet. App. C; Pet. Supp. App. A, B, C. As such, Robinson did not "timely and diligently" exhaust his administrative remedies, and he may not rely on Dulworth to extend the time before his one-year limitation period commences under §2244(d)(1)(D).

11

### E. **Grounds Ten and Eleven**

In grounds ten and eleven, Robinson challenges the FCOR's recalculation of his salient factor score and establishment of his PPRD when he returned to custody following his October 15, 2003, revocation of parole. Petition at 14, 15. For challenges to administrative decisions by a parole board, the limitations period begins to run under § 2244(d)(1)(D) on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Brown, 512 F.3d at 1307 & n.1; see also Hawes, 335 F. App'x at 884; Ray, 272 F. App'x 809-10.

Robinson challenges the Commission's June 23, 2004, establishment of his PPRD. See FCOR Resp. Ex. H. The state court action challenging the PPRD establishment was completed on August 26, 2005. FCOR Resp. Ex. I. Robinson filed this federal petition for writ of habeas corpus on June 4, 2014. Giving Robinson every benefit of the doubt, and assuming that the one-year period of limitation does not include the time when Robinson pursued his state administrative and court remedies, Robinson still presents his claim approximately ten years too late. Robinson has not asserted, let alone demonstrated, that he is entitled to statutory or equitable tolling.[14] In sum, the claims presented in grounds ten and eleven of the Petition are untimely filed under § 2244(d)(1)(D), and Robinson has not shown an adequate reason why the

---

[14] The Court rejects Robinson's contention that application of AEDPA's one-year limitations period to his 1979 and 1982 cases constitutes an impermissible application of ex post facto penal legislation. See Reply to Commission at 4.

dictates of the one-year limitations period should not be imposed upon him. Therefore, the claims are due to be dismissed with prejudice as untimely.

### F. <u>Ground Twelve</u>

In ground twelve, Robinson challenges the sixty-year sentence he received on May 7, 1982, which he claims exceeded the "normal six year cap." Supp. Petition at 2. The timeliness of Robinson's challenge to his original sentence is determined by § 2244(d)(1)(A). Because his original conviction and sentence became final prior to AEDPA's effective date of April 24, 1996, Robinson was required to file his claim within a one-year grace period following the effective date of AEDPA. See <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209, 1211 (11th Cir. 1998) (holding that the one-year limitations period begins to run on the effective date of AEDPA for prisoners whose convictions became final before April 24, 1996); <u>see also</u> <u>Johnson v. United States</u>, 544 U.S. 295, 300 (2005) (recognizing the one-year grace period uniformly adopted by the circuit courts of appeal). As such, the claim presented in ground twelve of the Petition is untimely filed under § 2244(d)(1)(A), and Robinson has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the claim is due to be dismissed with prejudice.

### G. <u>Statutory and Equitable Tolling</u>

Robinson has not asserted that he is entitled to either statutory or equitable tolling. Even if Robinson had asserted tolling of the one-year limitations period, he cannot demonstrate that he is entitled to statutory tolling with respect to grounds one

and four through twelve.[15] He fails to present any "properly filed application for State post-conviction or other collateral review" that would toll the one-year limitations period under § 2244(d)(2). Robinson did not present his claims administratively or in state court until 2012. By then, the one-year period of limitations had long since expired, and any applications for state postconviction or other collateral review filed after that date did not toll the limitations period. See Sibley, 377 F.3d at 1204; Webster, 199 F.3d at 1259.

Robinson also fails to demonstrate a basis for equitable tolling. Robinson fails to show that his delays were the result of extraordinary circumstances beyond his control and were unavoidable even with due diligence. With due diligence, he could have discovered the facts surrounding his claim earlier. After a thorough review of the record, the Court finds neither extraordinary circumstances nor due diligence to justify the rare remedy of equitable tolling. See Holland, 560 U.S. at 649; Cadet, 853 F.3d at 1221.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) and the case are **DISMISSED with prejudice.**

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a

---

[15] The Court notes the exception in ground two for limited statutory tolling.

certificate of appealability.[16] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of June, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

lc22
c:   Counsel of Record
     Vernon Robinson, #060180

---

[16] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.